# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA RENEE JENSEN-SCHMAHL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KIKOLO KIJAKAZI, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-21-108-SM |

## MEMORANDUM OPINION AND ORDER

Dana Renee Jensen-Schmahl (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 16, 17.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) ignored the Appeals Council's directive on remand and that he also neglected to consider all of her impairments at steps two and four of the evaluation process. Doc. 25, at 7-14. After a careful review of the record (AR),

the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I.  Administrative determination.

### A.  Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.  Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1]  Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 11-19; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had engaged in substantial gainful activity from October 2019 through April 2020, but there has been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity;

(2) had the following severe medically determinable impairment: degenerative disc disease;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform light work except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs but should never climb ladders, ropes, or scaffolds; she should avoid even moderate exposure to hazards such as dangerous moving machinery and unprotected heights; she should be allowed

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

3

>       to sit or stand alternatively, provided that she is not off-task more than ten percent of the work period;
>
> (5)   was capable of performing her past relevant work as an administrative assistant or data entry clerk; and so,
>
> (6)   had not been under a disability from September 30, 2016 through August 5, 2020.

AR 14-19.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other

4

evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

### B. Issues for judicial review.

Plaintiff asserts the ALJ erred (1) by failing to follow the Appeals Council's instructions; (2) at step two by "not properly consider[ing] all" of her impairments; and (3) in his "determinations at Step 4 of the sequential evaluation process." Doc. 25, at 7, 11. The Court disagrees with Plaintiff's arguments.

### 1. The ALJ considered the records of Plaintiff's treatment provider, as the Appeals Council instructed.

Records from treatment provider Dr. Vernon M. Love were received in response to evidence requests, but "[a] copy of the records was not proffered to the claimant," nor did the ALJ exhibit or address these records. AR 154. The Appeals Council remanded the case for the ALJ's evaluation of these records. *Id.*

Plaintiff argues that the ALJ did not mention Dr. Love by name and only string cited his records, declaring such actions as "woefully inadequate." Doc. 25, at 7. She does not argue Dr. Love found any restrictions greater than those the ALJ found. The ALJ cited Dr. Love's examinations as evidence of Plaintiff's

5

normal mental status examinations. AR 17-18. The ALJ also exhibited this evidence, as the Appeals Council instructed. *Id.* at 766-825. The Court agrees with the Commissioner that the ALJ complied with the Appeals Council's instructions and the ALJ's reasoning and applications of legal standards provide no basis for reversal. *See* Doc. 29, at 7 & n.1 (citing *Olson v. Comm'r*, 843 F. App'x 93, 96 (10th Cir. 2021)).

### 2. The ALJ did not err at step two.

Plaintiff contends "[t]he ALJ's determination at step two of the sequential evaluation process failed because he did not properly consider all [of Plaintiff's] impairments." Doc. 25, at 7. She points to: (1) her migraine headaches ("the ALJ made no provision for [her] migraine headaches," *id.* at 8); (2) her lumbalgia and radiculopathy ("the blanket stated [sic] 'degenerative disc disease' does not take account of [her] lumbar region radiculopathy or lumbalgia," *id.*); (3) the ALJ's alleged failures in determining severity (the ALJ did not determine whether her "headaches and radiculopathy are medical determinable, severe or non-severe," *id.*), (4) her leg and ankle muscle issues, *id.* at 9; and (5) her depression and anxiety, *id.* at 9-10.

At step two, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. *See Dray v. Astrue*, 353 F. App'x 147, 149 (10th Cir. 2009). A physical or mental impairment must be

established by medical evidence and must result from anatomical, physiological or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1521. A plaintiff cannot establish a medically determinable physical or mental impairment without objective evidence, *e.g.*, medical signs and laboratory findings. *Id.* An impairment is considered severe if it significantly limits the plaintiff's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1522. "[S]tep two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'" *Id.* (quoting *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring)). When an ALJ finds at least one impairment severe and proceeds to the remaining steps of the evaluation, any error at step two in failing to find a different impairment severe is considered harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (stating that "any error [at step two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

At step two, the ALJ determined that Plaintiff suffered from "severe" degenerative disc disease. AR 14. Following that determination, the ALJ

proceeded through the remaining steps in the disability analysis. *See id.* at 14-19. Thus, any error at step two is considered harmless.

As to Plaintiff's argument that the ALJ failed to make a determination about her headaches, she points to no objective medical evidence from an acceptable medical source supporting this impairment. *See* Doc. 29, at 8. As the Commissioner notes, "Plaintiff made a single report" in 2017 to a medical provider that she had a headache. *Id.* at 9. She also denied the existence of headaches several times. *Id.* (citing AR 777, 785, 790, 794, 807, 811, 817, 824).

After finding Plaintiff's severe impairment, the ALJ found her mental impairments to be non-severe. AR 14. The ALJ noted that other impairments "establish[ed], at most, a slight abnormality or a combination of slight abnormalities that would have no more than minimal effect on her ability to meet the basic demands of work activity." *Id.*

As to her anxiety and depression, she claims that her receipt of seven anti-depressive and anti-anxiety medications "is sufficient to establish anxiety and/or depression as a severe impairment." Doc. 25, at 10. But the ALJ considered the four broad "paragraph B" mental functioning areas and found Plaintiff's medically determinable mental impairments caused no more than "mild" limitation in any of these areas. AR 15. He considered the state agency consultants' opinions, which found that Plaintiff "did not experience severe

mental impairments." *Id.* The ALJ gave these opinions "great weight" because they were consistent with Plaintiff's medical record and with the objective medical evidence and function reports. *Id.* Plaintiff's alleged step-two error fails.[3]

Plaintiff's reliance on *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007), is misplaced. There, the ALJ made conflicting statements about Ms. Fleetwood's severe mental impairments, finding severe anxiety and later stated she had no severe mental impairments. The court remanded in part because the ALJ relied on the lack of mental health treatment, when the medical records showed repeated references to Ms. Fleetwood's anxiety and panic attacks. *Id.*

Here, the ALJ acknowledged Plaintiff's mental impairments and determined them to be non-severe. AR 15. He found that Plaintiff's treatment notes showed that medication managed her depression and anxiety well. *Id.* And her examinations showed insignificant psychological symptoms, normal mood, affect, memory, attention, concentration, and judgment. *Id.* These examinations also showed Plaintiff denied experiencing any depression or

---

[3] As much as Plaintiff argues the ALJ needed to consider these conditions "throughout the disability determination," the ALJ did so, as discussed *below*. Doc. 25, at 8.

anxiety and that she was in no acute mental distress. *Id.* Plaintiff also noted her depression improved with exercise. *Id.* at 17; *see also Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) ("The mere diagnosis of a condition does not establish its severity or any resulting work limitations.").[4]

The ALJ also discounted Plaintiff's consistency, noting that her statements about the intensity, persistence, and limited effects of her symptoms are not entirely consistent with the objective medical evidence. AR 18. And the ALJ took note of her daily activities, which included preparing meals, driving, taking care of a pet, and shopping. *Id.* at 17. Plaintiff also continued to drive a school bus during part of the 2019-20 school year, until the coronavirus pandemic disrupted in-person schooling, which is evidence her impairments were not disabling. *Id.* at 17-18. The ALJ noted that "[t]he totality of the evidence does not support [Plaintiff's] allegations but rather, it

---

[4] Plaintiff also alleges the ALJ neglected to consider during his step-two analysis her radiculopathy, lumbalgia, and her ankle/leg complaints that hinder her walking. Doc. 25, at 8-10. The undersigned concludes these complaints are not developed, any step-two error is harmless, and that the ALJ considered these impairments throughout the disability determination. The ALJ recognized "the existence of severe back impairments that merely limit [Plaintiff's] ability to perform basic work activities." AR 18. He also noted reports and an examination showing she had a normal gait and ambulation with adequate strength and range of motion in her back, neck, and extremities. *Id.* at 17.

corroborates the existence of severe back impairments that merely limit [her] ability to perform basic work activities." *Id.* at 18.

### 3. Substantial evidence supports the ALJ's step-four determination that Plaintiff could perform her past relevant work.

The ALJ asked the vocational expert about Plaintiff's past work titles. AR 67. The vocational expert outlined the following previous jobs: bus driver (medium exertion level as generally performed), stock selector (medium exertion level as generally performed), administrative clerk (light exertion level as generally performed), tire inspector (light exertion level as generally performed), and data entry clerk (sedentary exertion level as generally performed). *Id.* at 67-68. The ALJ posed a hypothetical reflecting her decisional RFC, and the vocational expert testified Plaintiff could perform the jobs of administrative clerk and data entry clerk. *Id.* at 69. The ALJ then found:

> Corroborated by the vocational expert's testimony, the undersigned finds that the claimant's [RFC] *precludes returning to any past relevant work.*
>
> In comparing [Plaintiff's RFC] with the physical and mental demands of this work, and corroborated by the vocational expert's testimony, the undersigned finds that [Plaintiff] *is able to perform her work as an administrative clerk and data entry clerk* as they are actually and generally performed.

*Id.* at 19 (emphasis added). The Court agrees these are inconsistent conclusions. Doc. 25, at 11. But the Court can follow the ALJ's reasoning and

11

concludes that the ALJ's first finding is harmless error, and likely resulted from an unintended editing error. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1164 (10th Cir. 2012) ("[T]he ALJ's decision is sufficient if it permits [the Court] to follow the adjudicator's reasoning." (internal quotation marks omitted)). The Court can follow the ALJ's reasoning here.

At step four of the sequential evaluation process, the ALJ must make specific findings in three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In phase one, "the ALJ must evaluate a claimant's physical and mental residual functional capacity" by first assessing "the nature and extent of [the claimant's] physical limitations" and "mental impairments. *Id.* at 1023-24. In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." *Id.* at 1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* at 1023. The ALJ should make these findings on the record. *Id.* at 1025.

Plaintiff challenges the ALJ's conclusions at each phase. Doc. 25, at 11-13. The ALJ must base his RFC assessment on all relevant evidence in the record, which can include medical history, medical sources, reports of daily activities, lay evidence, recorded observations, effects of symptoms, and

12

testimony during the hearing. *See* Soc. Sec. R 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Considering the analysis above, this is what the ALJ did. The ALJ considered and gave great weight to the opinions of the state agency physicians (finding Plaintiff could perform light work with postural and environmental limitations). AR 18. The ALJ imposed greater limitations than what these physicians recommended. *Id.* He found the state agency psychologists' opinions that Plaintiff's mental impairments are not severe deserved "great weight" because they were consistent with the objective medical evidence and function reports that showed no significant effect on Plaintiff's ability to perform basic work activities. *Id.* at 15.

Plaintiff again argues the ALJ neglected to consider her mental impairments in formulating the RFC, citing *Wells v.* Colvin, 727 F.3d 1061, 1064-65 & n.3 (10th Cir. 2013). Doc. 25, at 12. She lists her many prescriptions and insists "[t]he ALJ's hypothetical must contain all of the limitations of record." *Id.*

The Court finds the ALJ considered Plaintiff's mental impairments and found them not severe. AR 15. And he considered the state agency experts' opinions in making that finding.

13

As to Plaintiff's challenges to phases two and three, she cites no specific evidence suggesting she could not perform her past relevant work, but instead, she faults the ALJ for failing to make the requisite findings at each phase. The vocational expert testified about Plaintiff's past relevant work as it was generally performed. AR 67-68. Plaintiff argues the ALJ failed to develop the record as to Plaintiff's precise job duties, and the ALJ failed to show he considered all the duties of her past relevant work. The vocational expert testified that a hypothetical person with Plaintiff's background and RFC could return to past work as a both an administrative assistant and a data entry clerk. *Id.* at 69.

Though the ALJ concluded Plaintiff could perform the jobs of administrative clerk and data entry clerk as actually performed (for which the record gives no information), he also found she could perform these as they are generally performed. *Id.* at 19. The ALJ's conclusions were appropriate, because the ALJ may rely on the vocational expert's testimony at phases two and three of the step-four analysis. *See Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003) (holding that ALJ did not improperly delegate his step four duties to the VE where "he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis").

Plaintiff retains the burden to prove she cannot return to either her particular former job or the job as generally performed in the national economy. *Andrade v. Sec'y of Health & Hum. Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993) (holding the "claimant bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy"); *Dumas v. Colvin*, 585 F. App'x 958, 960 (10th Cir. 2014) (affirming district court's ruling that "even if the ALJ erred in determining Mr. Dumas retained the RFC for the line attendant job as he had actually performed it, any error was harmless because the ALJ also determined that Mr. Dumas could return to the line attendant job as the job is generally performed in the national economy"). The ALJ satisfied his duty to make an "informed comparison between past work requirements and the claimant's functional limitations" as part of the step-four determination. *James v. Chater*, 96 F.3d 1341, 1342 n.2 (10th Cir. 1996), *overruled on other grounds by Sims v. Apfel*, 530 U.S. 103 (2000).

Because substantial evidence supports this conclusion, Plaintiff did not meet her burden to show that her impairments prevent her from performing past relevant work.

### III.  Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 2nd day of March, 2022.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE